**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RONALD DIETRICK AND<br>CATHERINE DIETRICK, | : | |
| | : | |
| Plaintiffs, | : | **3:20-CV-2157** |
| v. | : | **(JUDGE MARIANI)** |
| | : | |
| BARNETT OUTDOORS, LLC, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

On October 28, 2020, plaintiffs Ronald Dietrick and Catherine Dietrick, ("Plaintiffs"),

filed a complaint, (the "Complaint"), in the Court of Common Pleas of Luzerne County.

(Doc. 1-1).  On November 18, 2020, defendant Barnett Outdoors, LLC, ("Defendant" or

"Barnett Outdoors"), filed a Notice of Removal to remove the action from state court to this

Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. 1-4).

Pennsylvania substantive law therefore applies to Plaintiffs' state law claims.  *Erie R.R. Co.*

*v. Tompkins*, 304 U.S. 64, 91–92 (1938).

Presently before the Court is Defendant's Motion to Dismiss two counts of Plaintiffs'

Complaint for failure to state a claim upon which relief may be granted.  (Doc. 3).  For the

reasons set forth below, the Court will deny Defendant's Motion to Dismiss as to Plaintiffs'

claim for breach of warranty (Count III) and will grant the Defendant's Motion as to Plaintiffs'

claim for punitive damages (Count IV).

## II. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

Defendant Barnett Outdoors, LLC operates a limited liability company with its principal place of business in Tarpon Springs, Florida. (Doc. 1-1 at ¶ 2). Defendant's business focuses on "designing, manufacturing, selling, and distributing crossbows." (Id. at ¶ 4). On or about November 7, 2018, while in possession of a Barnett crossbow "purchased by/for Plaintiff, Ronald Dietrick," Mr. Dietrick was injured when the bowstring of the crossbow he was operating "was released and hit his left hand," causing injury to his left thumb. (Id. at ¶ 5). Plaintiffs allege that this injury was caused by a defect in the crossbow as there was "no adequate thumb guard or protector that would prevent the injury above, nor were there adequate warnings of danger or instructions for safe use of the product." (Id. at ¶ 13).

Plaintiffs raise five separate claims concerning Mr. Dietrick's injuries, including claims for strict products liability (Count I), negligence (Count II), breach of warranties (Count III), punitive damages (Count IV), and loss of consortium (Count V). Of these claims, the main basis for liability revolves around the Defendant's inability to warn consumers of the dangers of its products and to equip the crossbow used by Mr. Dietrick with a protective guard to avoid injury to his thumb. In response to Plaintiffs' claims, Defendant filed a Motion to Dismiss arguing that Plaintiffs fail to sufficiently allege a claim for breach of express warranty for Count III and that Pennsylvania law does not recognize a cause of action for punitive damages for Count IV. (Doc. 5 at 2).

### III. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it

does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 505 U.S. 544, 570 (2007).  The plaintiff must assert "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attached by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations,

alterations, and quotation marks omitted).  In other words, "[f]actual allegations must be

enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of*

*Approved Basketball Offs.*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and question

marks omitted).

A court "take[s] as true all the factual allegations in the Complaint and the

reasonable inferences that can be drawn from those facts, but … disregard[s] legal

conclusions and threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n. 14

(3d Cir. 2013) (internal citation and quotation marks omitted).  Thus "the presumption of

truth attaches only to those allegations for which there is sufficient 'factual matter' to render

them 'plausible on [their] face.'" *Schuchardt v. President of the United States*, 839 F.3d

336, 347 (3d Cir. 2016) (alterations in original) (quoting *Iqbal*, 556 U.S. at 679).  "Conclusory

assertations of fact and legal conclusions are not entitled to the same presumption."  *Id*.

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to
> determine the sufficiency of a complaint: First, the court must take note of the
> elements a plaintiff must plead to state a claim. Second, the court should
> identify allegations that, because they are no more than conclusions, are not
> entitled to the assumption of truth. Finally, where there are well-pleaded factual
> allegations, a court should assume their veracity and then determine whether
> they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).  "Although the

plausibility standard 'does not impose a probability requirement,' it does require a pleading

to show 'more than a sheer probability that a defendant has acted unlawfully.'"  *Connelly v.*

*Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting

*Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678).

  "The plausibility determination is 'a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense.'"  *Id.* at 786-87 (quoting *Iqbal*,

556 U.S. at 679).  The Court, however, does not "require heightened fact pleading of

specifics, but only enough facts to state a claim to relief that is plausible on its face" and

"nudge [a plaintiff's] claims across the line from conceivable to plausible."  *Twombly*, 550

U.S. at 547; *see also Iqbal*, 556 U.S. at 680 (citing *Twombly*) (finding that respondent had

failed to plead sufficient facts to state a claim for purposeful and unlawful discrimination as

4

"respondent's complaint ha[d] not 'nudged [his] claims' of invidious discrimination 'across the line from conceivable to plausible'").

## IV. ANALYSIS

Defendant's Motion to Dismiss argues that Plaintiffs fail to sufficiently allege a claim for breach of express warranty for Count III and that Pennsylvania law does not recognize causes of action for punitive damages for Count IV.  (Doc. 5 at 2).  These two claims will be addressed in turn.

### 1.  Motion to Dismiss Plaintiffs' Breach of Express Warranty Claim

To sustain a claim for breach of express warranty, a plaintiff must generally establish: "(1) defendants breached or failed to meet its warranty promise, (2) the breach was the proximate cause of the harm, and (3) there were ensuing damages."  *Stevens v. C.R. Bard, Inc.*, 2018 WL 692097 (W.D. Pa. 2018) (citing *Samuel-Bassett v. Kia Motors America, Inc.*, 34 A.3d 1, 35 (Pa. 2011)).  This, of course, also requires that the defendant had expressly warranted its product or service, manifested through "some form of promise or affirmative statement."  *McPhee v. Depuy Orthopedics, Inc.*, 989 F. Supp.2d 451, 466 (W.D. Pa. 2012).  An express warranty can be created by any "affirmation of fact or promise made by the seller to the buyer which related to the goods," "description of the goods," or "sample or model" that "is part of the basis of the bargain."  13 C.S.A .§ 2313(a).

Furthermore, "[a] manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty."  *Cipollone v. Liggett Group*, 505 U.S.

504, 526 (1992).  "Accordingly, the 'requirement[s]' imposed by an express warranty claim

are not 'imposed under State law,' but rather imposed by *the warrantor.*"  *Id.* (emphasis in

original); *see also Rosci v. AcroMed, Inc.*, 669 A.2d 959, 968 (Pa. Super. Ct. 1995).

Therefore, "[t]he parties to a contract, not the state, define the substantive obligations of the

contract and ... each party's duties."  *Rosci*, 669 A.2d at 967 (citing *Michael v. Shiley, Inc.*,

46 F.3d 1316, 1325 (3d Cir. 1995)).

In its Motion to Dismiss, Defendant contends that the Plaintiffs fail to properly allege

that there existed an express warranty made as part of an initial bargain between the

Defendant and Plaintiffs.  (Doc. 5 at 3).  Citing *Gross v. Stryker Corp.*, 858 F.Supp.2d 466,

501-502 (W.D. Pa. 2012), the Defendant contends that "[a]bsent a demonstration that a

promise or affirmative statement was made, how or by whom the promise was made, or

what was in fact promised, a claim for breach of express warranty is not sufficiently plead."

(Doc. 5 at 3).  In response, the Plaintiffs claim "the Complaint avers in paragraph 20 that

'Prior to Plaintiff's purchase and injuries, Defendant expressly warranted that the crossbow

was reasonably safe for the purposes intended and was of merchantable quality.'"  (Doc. 6

at 2).

Though such a conclusory assertion would arguably be insufficient to sustain a claim

for breach of an express warranty under a heightened standard of review, it can be

accepted that this is enough to "nudge [Plaintiffs'] claims across the line from conceivable to

plausible."  *Twombly*, 550 U.S. at 547.  Plaintiffs will maintain the burden of providing a clear

description of the Defendant's alleged warranty as this case proceeds, and while such a representation by Plaintiffs in their initial Complaint would have better substantiated their claims as the "manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty," a failure to directly provide the language of Defendant's warranty would not necessarily prove fatal at the motion-to-dismiss stage of litigation.[1]  The Defendant's Motion to Dismiss Plaintiffs' claim for breach of an express warranty will therefore be denied.

### 2. Motion to Dismiss Plaintiffs' Claim for Punitive Damages

In their Complaint, Plaintiffs assert an independent claim for punitive damages. (Doc. 1-1 at 4).  Defendant, citing numerous Pennsylvania state court cases, contends in response that Pennsylvania "does not recognize a cause of action for punitive damages." (Doc. 5 at 5) (citing *Robbins v. Cumberland Cty. Children & Youth Servs.*, 802 A.2d 1239, 1253 (Pa. Commw. Ct. 2002); *Nix v. Temple Univ. of Com. Sys. of Higher Educ.*, 408 Pa. Super. 369, 380 (1991); *Murray v. Gencorp, Inc.*, 979 F. Supp. 1045, 1050 (E.D. Pa. 1997)). Of note, in viewing *Murray*, the parties agree that "punitive damages sought solely in an individual count should be dismissed."  (Doc. 6 at 3); *see also* (Doc. 7 at 4).

---

[1] Plaintiffs also fail to make clear who bargained for the crossbow in question. They do allege that the crossbow "was purchased by/for Plaintiff, Ronald Dietrick."  (Doc. 1-1 at ¶ 4).  Such an assertion, however, does not necessarily mean that the alleged warranty was the basis for a bargain between the Defendant and the purchaser.  Instead, the Court must rely on the Plaintiffs' broad assertion that the expressed and implied warranties "were relied upon by Plaintiff [sic] when making the purchase."  (Id. at ¶¶ 20-22).  Further clarification will be necessary to ensure Plaintiffs' claim for a breach of express warranty will continue to progress forward.

In opposition to the Defendant's Motion, however, the Plaintiffs contend that the "Defendant's objection to the request for punitive damages also being listed in a separate count is an objection to form over substance, and is immaterial." (Doc. 6 at 3). Nevertheless, the Defendant reasonably points out that even where a plaintiff seeks punitive damages under other substantive claims, it is not "unnecessary" to dismiss an independent cause of action for punitive damages that Pennsylvania does not permit. (Doc. 7 at 5 (citing (Doc. 6 at 3)). Plaintiffs' Count IV claim for punitive damages will therefore be dismissed with prejudice as a separate claim. As the Plaintiffs are seeking punitive damages as to their other claims, granting them leave to amend their Complaint is not necessary.

## V. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted as to Count III for breach of warranty will be denied. Alternatively, Defendant's Motion as to Count IV for punitive damages will be granted. A separate Order will follow.

Robert D. Mariani
United States District Judge